UNITED STATES DISTRICT COURT
MIDDLE DISTRICT COURT OF PENNSYLVANIA

WILLIAM ASKEW,

    Plaintiff,

v.

RHEA PAONE, RICHARD JENSEN,
TOM HOREIS, PHARMACIST TUTZA,
DANIEL HOLLOWAY, HEALTH
SERVICES ADMIN. SULLIVAN,
LT. HICKS, LT. MRAD, and
OFFICER STUFFLE

Civil Action No. 3:10-CV-2401

(Judge Kosik)

FILED
SCRANTON

MAY 1 4 2012

PER _____ DEPUTY CLERK

## MEMORANDUM

Presently before us is the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion, filed on January 11, 2012, as well as Plaintiff's Objections to the R&R and Defendants' Brief in Opposition to Plaintiff's Objections to the Magistrate Judge's R&R[1]. (Doc. 42, 46, 47). For the reasons that follow, we will adopt, in part, the R&R of the Magistrate Judge. We have jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1343.

**Procedural History**

On November 19, 2010, Plaintiff, William Askew, currently an inmate at the United States Penitentiary in Coleman, Florida ("USP Coleman"), filed a *pro se* complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), alleging violations of his Eighth Amendment rights by prison officials while he was at the United States Penitentiary in Waymart, Pennsylvania ("USP Canaan"). (Doc. 1). Plaintiff brought the action against "numerous employees at USP Canann and other Bureau of Prisons staff members" but only named Rhea Paone, Richard Jenson, Tom Horeis, Pharmacist Tutza,

---

[1]On April 2, 2012, Plaintiff filed a Motion for Extension of Time to Respond to Defendants' Objections to the R&R. (Doc. 48). This motion was granted and Plaintiff was given until May 2, 2012 to filed his objections. (Doc. 49). This deadline has passed and Plaintiff has yet to file his response.

Daniel Holloway, Health Services Administrator Sullivan, Lt. Hicks, Lr. Mrad, and Officer Stuffle in the initial Complaint. (*Id.*).

On May 4, 2011, the named Defendants in this case filed a Motion to Dismiss, or, in the alternative, a Motion for Summary Judgment. (Doc. 20). Defendants filed a brief in support of their motion and a statement of facts on May 25, 2011. (Doc. 29, 30). After various motions to exceed page limitations, extensions of time, and motions to stay scheduling orders (Doc. 24, 27, 31, 38), the Magistrate Judge filed his R&R recommending Defendants' motion for summary judgment be granted.[2] (Doc. 42). Plaintiff filed his objections to the R&R entitled "Opposition and Objection to Summary Judgment" on March 12, 2012. (Doc. 46). Defendants responded by filing a Brief in Opposition to Plaintiff's Objections to the Magistrate Judge's R&R. (Doc. 47). The Magistrate Judge's R&R and Plaintiff's and Defendants' filings are presently before us and ripe for adjudication. For the reasons that follow, we adopt, in part, the R&R.

## Factual Background

In his Complaint, Plaintiff argues that the staff at USP Canaan violated his Eighth Amendment rights by denying him appropriate medical treatment when he was denied topical ointment and treated with strong steroids that carry the risk of major medical side effects; violated his Eighth Amendment rights by not providing him with a sufficient diet and serving him foods to which he was allergic; and used excessive force during an incident that ended with the Plaintiff's arm being hurt while he was holding it in his food slot. (Doc. 1, p. 2). We summarize the factual background of the case based on the record in front of us as follows:

Plaintiff arrived at USP Canaan on March 26, 2009. (Doc. 30, Ex. 1, Att. 1, p. 155-61). Upon his arrival, Plaintiff was diagnosed with pure hypercholesterolemia; pain in joint,

---

[2] While Defendants filed a Motion to Dismiss, or in the Alternative, a Motion for Summary Judgment (Doc. 20), the Magistrate Judge construed it as a Motion for Summary Judgment. Both parties submitted documents in support of their respective positions outside the record.

2

ankle and foot; other early skin lesions; flat foot; an unspecified disorder of skin and subcutaneous tissue; herpes simplex, without mention of complication; asthma, unspecified; dermatitis/eczema due to unspecified cause; other disorder of ear; impacted cerumen; other local infection of skin and subcutaneous tissue; and history of methicillin resistant staph aureus, MRSA. (*Id.*). Plaintiff was prescribed an Albuterol inhaler HFA; an anti-depressant medication also used to treat itching; a non-steroidal anti-inflammatory; high cholesterol medication; and a steroidal ointment cream to treat skin disorders, asthma, and other medical disorders. (Doc. 42, p. 6). Plaintiff was provided with a "Medical Duty Status" notification on April 3, 2009, when he informed staff that he was allergic to tomatoes, cabbage, nuts, chocolate and coconut. (Doc. 30, Ex. 1, Att. 1, p. 149).

The Magistrate Judge set forth in detail the times, places, and descriptions of the extensive medical care Plaintiff received while at USP Canaan. (Doc. 42, p. 6-13). We adopt these findings of the Magistrate Judge's R&R. We will use these findings in relation to Plaintiff's Eighth Amendment medical care claim.

Plaintiff's Eighth Amendment excessive force claim is based on an incident that took place on December 1, 2009. (Doc. 1, p.4-5). Plaintiff alleges that Defendant Hicks, Mrad, and Stuffle tried to break his arm because he "was holding the food slot trying to get [him] something to eat that did not have tomatoes, cabbage, nuts, and chocolates in it because [he is] allergic to them." (sic). (*Id.*).

Defendants allege that Plaintiff was in the Special Housing Unit (SHU) on December 1, 2009 when Plaintiff held his arm out of the food slot ("wicket") on the door of his cell and refused to remove it because he was upset about the his special diet.[3] (Doc. 29, p. 6). Defendant Mrad told Plaintiff that he would be placing hand restraints on Plaintiff so that he

---

[3]Only Defendant Mrad remembers the incident in question. (Doc. 29, p. 6). Defendants Stuffle and Hicks did not recall any specifics regarding this incident, but they agree about the way the situation would have been handled if an inmate was sticking his arm out of the wicket. (*Id.* at 7).

could be escorted to the SHU's Lieutenant's Office to discuss Plaintiff's issues with food service. (*Id.*). When Defendant Mrad placed one of Plaintiff's arms in restraints, Plaintiff resisted and tried to pull his arm back through the wicket. (*Id.*). Plaintiff's "arm was secured and he was instructed to place his other arm out through the wicket, but he resisted." (*Id.*). Plaintiff would not comply with instructions until he was told to do so a second time. Defendants note that Plaintiff received scrapes which were treated with antibiotic ointment and band aids were applied. (*Id.*). Defendants Mrad, Hicks, and Stuffle all deny allegations that they attacked Plaintiff and attempted to break his arm. (*Id.*). "At all times, they were acting within the scope of their employment and within BOP policy." (*Id.* at 7-8).

Plaintiff's food allergy claim broadly states that he often received food trays that contained items he could not eat. (Doc.1, 36, 46). Defendants' evidence regarding the food allergy claim consists of the Plaintiff's April 3, 2009 notification to staff that he was allergic to tomatoes, cabbage, nuts, chocolate, and coconut that resulted in a "Medical Duty Status" notification to provide to Food Service; "Medical Duty Status" notifications provided for Plaintiff on May 1, 2009, June 25, 2009, and April 10, 2010; and an April 6, 2010 incident report[4] for Plaintiff interfering with security devices/blocking any locking device, conduct

---

[4]The Magistrate Judge sets for the facts of the incident as follows:

On April 6, 2010, the defendants' materials provide that the plaintiff received an incident report for interfering with security devices/blocking any locking device, conduct disruptive to the security or orderly running of the institution, and refusing to obey an order. Senior Officer J. Pellicano [not a named defendant in this action], who was working as an officer in the SHU passing out food trays on April 6, 2010, submitted a memorandum to the Captain regarding the incident. Officer Pellicano's memorandum states that staff members were aware that the plaintiff was allergic to peanut butter because it was noted on his cell door. When Officer Pellicano gave the plaintiff his evening food tray, the plaintiff asked him if the beef stew contained any type of tomato because he was allergic to tomatoes. Officer Pellicano contacted Food Service and was told that there was tomato in the stew. Officer Pellicano asked the plaintiff if he would take a no meat tray which contained no tomatoes, but the plaintiff refused. Officer Pellicano was informed by Food Service that the plaintiff would be provided with a substitute meal.

At approximately 7:30 p.m., a bag meal consisting of hard boiled eggs, bread, peanut

disruptive to the security or orderly running of the institution, and refusing to obey an order. (Doc. 42, p. 16-19).

## Standard of Review

### I. Plaintiff's Objections

When objections are filed to a report and recommendation of a magistrate judge, we review de novo the portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); *see Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). Written objections to a report and recommendation must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local R. 72.3. We may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); M.D. Pa. Local R. 72.3. Although our review is de novo, we are permitted to rely upon the magistrate judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980); *see also Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

### II. Motion to Dismiss/Motion for Summary Judgment

Generally when deciding a motion to dismiss, the court is limited to consideration of only the facts alleged in the complaint. Fed. R. Civ. P. 12(b)(6).

> When a motion to dismiss is converted into a motion for summary judgment the parties must be given notice of the conversion and an opportunity to present material to the court. Rule 56(c) requires that the parties have at least ten days' notice before the court may consider the motion for summary judgment, and the opportunity to submit pleadings, depositions, answers to interrogatories, admissions on file, and affidavits.

---

butter, and jelly was delivered and provided to the plaintiff. The plaintiff indicated that he was allergic to peanut butter. Although the plaintiff received peanut butter which he could not eat, he was also provided with two boiled eggs and bread. The plaintiff was given foods to meet his dietary requirements, which excluded the foods to which he was allergic. The plaintiff took the meal and began screaming and pounding on his cell door.

    Later, while staff was passing out toilet paper, the plaintiff placed his hands through the wicket and refused to remove his arms so that the wicket could be secured. The plaintiff was given an incident report and sanctioned for violating security codes.

> We have held that while "it would be desirable in the interest of clarity for an order to notify expressly the parties that the court was converting a motion to dismiss into one of 'summary judgment' or that the ruling would be pursuant to 'Rule 56,' the court need not be so explicit so long as the order otherwise fairly apprises the parties of the proposed conversion."

*Latham v. U.S.,* 306 Fed. Appx. 716, 717-718 (3d Cir. 2009). In the instant matter, both sides were given time to file briefs and exhibits regarding Defendants' motion. (*See* Doc. 28, 29, 33, 36).

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issues as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). A disputed fact is material when it could affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* at 249. The court should view the facts in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. *Hugh v. Butler County Family YMCA,* 418 F.3d 265, 267 (3d Cir. 2005).

Initially the moving party must show the absence of a genuine issue concerning any material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the moving party has satisfied its burden, the non-moving party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson,* 477 U.S. at 257; *see Celotex Corp.,* 477 U.S. at 323-24. "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." *Hugh,* 418 F.3d at 267 *citing Anderson,* 477 U.S. at 251. Neither unsworn statements of counsel in memoranda submitted to the court nor unsupported conclusory allegations in the pleadings will dispute a material fact. *See* Fed. R. Civ. P. 56(e); *Schoch v. First Fid. Bancorp.,* 912 F.2d 654, 657 (3d Cir. 1990).

If the court determines that the record taken as a whole could not lead a rational trier of

fact to find for the non-moving party, then no genuine issue for trial exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Rule 56 mandates the entry of summary judgment against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322.

### III. Eighth Amendment

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment in violation of the Eighth Amendment. *Whitley v. Albers,* 475 U.S. 312, 319 (1986). Unnecessary and wanton infliction of pain include those that are totally without penological justification. *Hope v. Pelzer*, 536 U.S. 730, 737 (2002). Prison officials may not house inmates under conditions that deprive them of one or more basic human needs. *Helling v. McKinney,* 509 U.S. 25, 32 (1993). In addressing an Eighth Amendment conditions of confinement claim, the United States Supreme Court has stated that the Constitution does not mandate comfortable prisons. *Farmer v. Brennan,* 511 U.S. 825, 833 (1994) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 349 (1981)). In determining whether conditions are cruel and unusual, the court must look to the "evolving standards of decency that mark the progress of a maturing society." *Rhodes,* 452 U.S. at 346.

### Discussion

### I. Medical Treatment

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir. 1999) (citing *Estelle v. Gamble,* 429 U.S. 97 (1976)). In order to establish a violation based on the Eighth Amendment, "evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *See Spruill v. Gillis,* 372 F.3d 218, 235 (3d Cir. 2004); *Natale v. Camden County Corr. Facility,* 318 F.3d 575, 582 (3d Cir. 2003).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). The "deliberate indifference" standard is a stringent standard of fault requiring proof that a defendant disregarded a known or obvious consequence of his action. *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 410 (1997). The defendant must be both aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The test for whether a prison official was deliberately indifferent is whether that defendant "acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 841. Only egregious acts or omissions can violate this standard. *See White v. Napoleon*, 897 F.2d 103, 108-109 (3d Cir. 1990).

Courts are reluctant to second-guess the propriety or adequacy of a particular course of medical treatment. A complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment..." *Estelle*, 429 U.S. at 106. "Allegations of medical malpractice are not sufficient to establish a Constitutional violation." *Spruill*, 372 F.3d at 235. "It is well settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). An inmate's disagreement with medical treatment also does not rise to the level of "deliberate indifference." *See Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993); *Boring v. Kozakiewicz*, 833 F.2d 468, 473 (3d Cir. 1987).

Plaintiff has failed to show that Defendants were deliberately indifferent in the medical treatment he received. The record leaves no question as to the material facts and reflects that Plaintiff was continually being seen and treated by medical staff. (*See* Doc. 30, Ex. 1, Att. 1,

p. 155-184; Doc. 36; Doc. 46; summarized by the Magistrate Judge in Doc. 42, p. 5-13)[5]. Although Plaintiff was not always happy with the treatment he received and at times, disagreed with the direction the treatment was going, this is not enough to show that Defendants were deliberately indifferent. In addition, Defendants attempts to treat Plaintiff with alternative menas was not deliberate indifference. Plaintiff was given medical treatment, received medicine, and, in addition to being seen by the prison medical staff, was also seen by a dermatologist. Plaintiff's claim about the use of strong steroids does not overcome this standard. Plaintiff has a medical problem, Defendants believed that steroids, despite the negative side effects, were the best option; Plaintiff's disagreement with this course of treatment does not amount to deliberate indifference on the part of the Defendants. While Plaintiff indicated that he was unhappy with the treatment he received, he has not shown that the Defendants committed any egregious acts or omissions to make them deliberately indifferent.

## II. Excessive Force

The Supreme Court of the United States has stated that "the Eighth Amendment, which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to convicted prisoners in cases...where the deliberate use of force is challenged as excessive and unjustified." *Whitley v. Albers,* 475 U.S. 312, 327 (1986). "What is necessary to establish an 'unnecessary and wanton infliction of pain,'...varies according to the nature of the alleged constitutional violation." *Hudson v. McMillian,* 503 U.S. 1, 5 (1992) (quoting *Whitley,* 475 U.S. at 320).

"Officials confronted with a prison disturbance must balance the threat unrest poses to inmates, prison workers, administrators, and visitors against the harm inmates may suffer if

---

[5]Plaintiff's opposition brief (Doc. 36) and his objections (Doc. 46) each have a multitude of attachments. While the documents surrounding the Plaintiff's current Complaint were considered, we note that Plaintiff also attached various documents dealing with matters outside the time line of his current Complaint. (*See* Doc. 36, 46).

guards use force." *Id.* at 5. In such situations, where "corrections officials must make their decisions 'in haste, under pressure, and frequently without the luxury of a second chance,' the standard is whether the official used force 'in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Id.* at 5 (*quoting Whitley,* 475 U.S. at 320-321). "The objective component of an Eighth Amendment claim is...contextual and responsive to 'contemporary standards of decency." *Id.* at 8 (*quoting Estelle v. Gamble,* 429 U.S. 97, 102 (1976)). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Id.* at 9 (*citing Whitley,* 475 U.S. at 327).

> In order to assess excessive force claims, courts consider several factors, including:
>
> (1) "the need for the application of force";
> (2) "the relationship between the need and the amount of force that was used";
> (3) "the extent of the injury inflicted";
> (4) "the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the bases of the facts known to them"; and
> (5) "any efforts made to temper the severity of a forceful response."

*Brooks v. Kyler,* 204 F.3d 102, 106 (3d Cir. 2000) (*quoting Whitley,* 475 U.S. at 321). "Summary judgment in favor of a defendant is not appropriate if 'it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain.'" *Id.* (*quoting Whitley,* 475 U.S. at 322).

Following the filing of the Magistrate Judge's R&R, Plaintiff filed a statement attached to his Objections. (*See* Doc. 46). This statement is signed by his cellmate at the time of the wicket incident, Eric Lowery, and seeks to corroborate Plaintiff's version of events. (Doc. 46, Ex. 25). Plaintiff also states in his Objections that "[g]iven the chance [he] could prove that [his] claims are valid" and generally discusses the idea that he could find other witnesses to show that Defendants used excessive force. The attached statement and Plaintiff's request to prove the validity of this claim, make a decision on the basis of a motion for summary judgment inappropriate at this time. We believe Plaintiff should be given an opportunity to conduct discovery on this claim only thus, we will remand this case back to the Magistrate

10

Judge in order for the opportunity for limited discover to be conducted regarding Plaintiff's excessive force claim.

### III. Dietary Issues

In a § 1983 civil rights action[6], the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parrat v. Taylor,* 451 U.S. 527 (1981); *Kost v. Kozakiewicz,* 1 F.3d 176, 184 (3d Cir. 1993). In order for § 1983 liability to be appropriate, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir. 2005) *quoting Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988). The plaintiff must allege personal involvement, which "can be shown through allegations of personal direction or of actual knowledge or acquiescence," and must be pled with particularity. *Id., see also Boykins v. Ambridge Area Sch. Dist.,* 621 F.2d 75, 80 (3d Cir. 1980) (holding civil rights complaint adequate where it states time, place, conduct and persons responsible); *Hall v. Pa. State Police,* 570 F.2d 86, 89 (3d Cir. 1978) (holding a plaintiff's mere assertions that his rights have been violated "without facts upon which to assess the substantiality of the claim" were insufficient to support a § 1983 action).

Plaintiff's Complaint generally alleges "food service staff and numerous officer (sic)" violated his rights. (Doc. 1, p. 2). Plaintiff does not name specific individuals, and as such, this serves as a basis for dismissal. In Plaintiff's objections, he discusses various times when he was served food to which he was allergic, and times when he never received food. (Doc. 46, p. 15-17). In these discussions he names Officer Pellicano, Officer Brandenburg, Officer

---

[6]In a §1983 suit or a *Bivens* action, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).

Gedrich, Officer Bodge, Officer Ballela, Officer Swartzfager, and Officer Roberts as people who have had personal involvement in this supposed deprivation. (*Id.*). Plaintiff has failed to name any of these officers as defendants in this case. (*See* Doc. 1). Since this is the first time Plaintiff names these individuals, they are not parties to this action and as such do not save Plaintiff's food allergy claim from dismissal. We note that Plaintiff is free to file a separate action concerning his dietary claims against the proper parties.

## Conclusion

Plaintiff's medical treatment and dietary claims brought pursuant to the Eighth Amendment will be dismissed. Plaintiff has not established deliberate indifference in the medical treatment claim and has failed to properly name defendants in the dietary claims. Because the medical treatment claim has been dismissed, Defendants Rhea Paone, Richard Jenson, Tom Horeis, Pharmacist Tutza, Daniel Holloway, and H.S.A. Sullivan are also dismissed from this action. Plaintiff's remaining claim of excessive force will not be dismissed at this time because Plaintiff will be given an opportunity to conduct discovery on this issue. The parties will be given sixty (60) days in order to conduct limited discovery on the excessive force claim and thirty (30) days thereafter to file any dispositive motions. The case will be remanded to the Magistrate Judge for further proceedings consistent with this Order.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT COURT OF PENNSYLVANIA

WILLIAM ASKEW,

    Plaintiff,

    v.

RHEA PAONE, RICHARD JENSEN,
TOM HOREIS, PHARMACIST TUTZA,
DANIEL HOLLOWAY, HEALTH
SERVICES ADMIN. SULLIVAN,
LT. HICKS, LT. MRAD, and
OFFICER STUFFLE

Civil Action No. 3:10-CV-2401

(Judge Kosik)

## ORDER

AND NOW, this 14th day of May, 2012, IT IS HEREBY ORDERED THAT:

1. Magistrate Judge Mannion's Report and Recommendation (Doc. 42) is **ADOPTED,** in part;

2. Plaintiff's Objections to the Report and Recommendation (Doc. 46) are **OVERRULED,** in part;

3. Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Doc. 20) is **GRANTED,** in part;

4. Defendants' Motion for Summary Judgment in regards to Plaintiff's medical treatment and dietary claims is **GRANTED**;

5. Plaintiff's medical treatment claims and dietary claims are **DISMISSED;**

6. Defendants Rhea Paone, P.A. Richard Jensen, Pharmacist Tom Horeis, Pharmacist Tutza, Dr. Daniel Holloway, and H.S.A. Sullivan, associated with the medical treatment claims, are **DISMISSED** from this action;

7. Defendants' Motion for Summary Judgment in regards to Plaintiff's excessive force claim will be **REMANDED** back to the Magistrate Judge;

8. The parties will be given sixty (60) days in order to conduct limited discovery on the excessive force claim and thirty (30) days thereafter to file any dispositive motions; and

9. The Clerk of Court is directed to **REMAND** this case to the Magistrate Judge for further proceedings consistent with this Order.

_____
Edwin M. Kosik
United States District Judge